UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-141-FDW

| | | |
|---|---|---|
| HAROLD DEAN DEESE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KODY HUGHES , et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 6).

**I.    BACKGROUND**

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 for incidents that allegedly occurred at the Mountain View Correctional Institution where he still resides. He names as Defendants Mountain View C.I. Guards Hicks, Garren Vance, and Kody Hughes.

Construing the Complaint liberally and accepting it as true, Plaintiff was being escorted to segregation at around 11:00 or 11:30 PM on April 25, 2018, by Hughes, Vance, and Hicks. He was handcuffed behind his back and Hughes and Vance each had him by one arm. Vance asked Plaintiff to stop walking in the hallway near the chaplain's office because Plaintiff was "talking under [his] breath and tryen [sic] to adjust [his] left arm because of … nerve damage [he] ha[s] on [his] left side of [his] back." (Doc. No. 1 at 5). Plaintiff stopped walking and also stopped talking under his breath pursuant to Vance's instruction. Just after Plaintiff stopped, he looked up at Hicks who sprayed the left side of Plaintiff's face with pepper spray. Plaintiff was asked to start walking again and he complied and was taken to segregation. All of these events took place within 75 feet

1

of a video camera outside the chaplain's office. Hicks said that she sprayed Plaintiff because he was pulling away from her and the other officers which is not true. Plaintiff was written up for disobeying a direct order. Plaintiff pled guilty. Plaintiff has tried to get unit management and Captain Stewart to go back and look at the camera footage that shows he was not pulling away from officers when he was sprayed. They have not done so.

Plaintiff claims that his left eye was damaged, for which he is still awaiting medical treatment through the sick call procedure.

Plaintiff asks that Defendants be terminated from NC DPS employment and for at least $50,000 in damages.

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

(1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Individuals Not Named as Defendants**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations

3

against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served).

Therefore, to the extent that Plaintiff intended to assert claims against any individuals who are not named as Defendants, these claims will be dismissed without prejudice.

**(2)** **Excessive Force**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. See Hudson, 503 U.S. at 1.

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson, 503 U.S. 1, 4 (1992); see Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). The "core judicial inquiry," is not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency

4

always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 13–14.

The Fourth Circuit addresses a failure to intervene claim as a theory of "bystander liability" wherein there is "an omission to act...coupled with a duty to act." Randall v. Prince George's Cnty., 302 F.3d 188, 202 (4th Cir. 2002). A "bystander officer" could be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Id. at 204. However, if no excessive force is applied by the fellow officer, the officer witnessing the conduct "cannot be held liable under bystander liability for a failure to intervene." Howie v. Prince George's Cnty., 2009 WL 2426018 at *6 (D. Md. Aug. 5, 2009); see also Jarvis v. Securitas Sec. Servs. USA, 2012 WL 527597 (D. Md. Feb. 16, 2012).

It appears that Plaintiff is attempting to state an excessive force claim against Hicks and a failure to intervene claim against Vance and Hughes. Plaintiff claims that he was handcuffed behind his back, with Officers Vance and Hughes holding his arms, and complying with officers' orders, when Hicks sprayed him in the face with pepper spray, although he does admit that he moved his nerve-damaged arm.[1]

---

[1] The Court is unable to determine at this juncture whether Plaintiff's excessive force claim necessary calls into question the validity of his guilty plea to the disciplinary infraction. See Heck v. Humphrey, 512 U.S. 477 (1994) (state prisoner's claim for damages is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated); Edwards v. Balisok, 520 U.S. 641 (1997) (claim for declaratory relief and money damages based on allegations of deceit and bias on the part of state officials involved in disciplinary proceedings that necessarily imply the invalidity of the punishment imposed is not cognizable under § 1983); Riddick v. Lott, 202 Fed. Appx. 615, 616-17 (4th Cir. 2006) (vacating the dismissal of an excessive force claim where the court could not determine, based on the sparse record, whether there was a legal nexus between the officer's alleged use of excessive force and arrestee's resistance and assault).

Plaintiff's excessive force/ failure to intervene are minimally sufficient and this claim will be permitted to proceed against Defendants **Hicks, Hughes, and Vance.**

**(3)** **Prison Discipline**

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). "Unless there has been a 'deprivation' by 'state action,' the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Stone, 855 F.2d at 172.

Plaintiff appears to allege that his excessive force allegation was not adequately investigated and that he should not have received a disciplinary charge related to the incident.

Plaintiff did not have any right to have his excessive force allegations investigated. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.")); Mitchell v. Murray, 856 F.Supp. 289, 294 (E.D. Va. 1994) ("nor is there a fundamental right requiring prison administrators [to] investigate prisoner complaints."); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir.2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Savage v. County of Stafford, Va., 754 F.Supp.2d 809 (E.D. Va. 2010) (deputy sheriff's alleged failure to document

6

and investigate arrestee's alibi did not violate due process). Moreover, Plaintiff's guilty plea to the disciplinary infraction undermines his present contention that he did not commit a disciplinary infraction. Plaintiff's present claims would necessarily undermine the validity of the prison disciplinary proceeding, and therefore, are not cognizable under § 1983.[2] See generally Heck v. Humphrey, 512 U.S. 477 (1994) (state prisoner's claim for damages is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated); Edwards v. Balisok, 520 U.S. 641 (1997) (claim for declaratory relief and money damages based on allegations of deceit and bias on the part of state officials involved in disciplinary proceedings that necessarily imply the invalidity of the punishment imposed is not cognizable under § 1983).

Therefore, to the extent that Plaintiff is attempting to challenge the investigation of his excessive force claim and the ensuing disciplinary infraction, these claims will be dismissed.

## IV.  CONCLUSION

For the reasons stated herein, the Plaintiff's excessive force/ failure to intervene claim will proceed against Defendants **Hicks, Hughes, and Vance.** The remaining claims are dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff may file a superseding Amended Complaint within 14 days in which he may attempt to cure the deficiencies identified in this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's § 1983 claims against Defendants Hicks, Hughes, and Vance for excessive

---

[2] Plaintiff does not appear to seek prospective injunctive relief.

force/ failure to intervene survive initial review under 28 U.S.C. § 1915.

2. The remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

3. Plaintiff shall have 14 days in which to file a superseding Amended Complaint in accordance with this Order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint within the time limit set by the Court, this action will proceed on the original Complaint, (Doc. No. 1).

4. The Clerk is directed to mail a copy of the Complaint, (Doc. No. 1), and a new Section 1983 complaint form to Plaintiff.

5. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants **Hicks, Hughes, and Vance** who are current or former employees of NC DPS.

Signed: August 13, 2018

Frank D. Whitney
Chief United States District Judge