UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-141-FDW

| HAROLD DEAN DEESE, JR., | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
|  | ) **ORDER** |
| KODY HUGHES, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on its October 18, 2019 Order, (Doc. No. 26), requiring Plaintiff to show cause why this action should not be dismissed for lack of prosecution.

*Pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while in the custody of the North Carolina Department of Public Safety at the Mountain View Correctional Institution. (Doc. No. 1). He was subsequently transferred to the Alexander Correctional Institution and he updated his address with the Court. (Doc. No. 14). The Complaint passed initial review against Defendants Hicks, Hughes, and Vance and, after Defendants filed an Answer, the Court entered a pretrial scheduling order. (Doc. Nos. 7, 22, 23). On August 7, 2019, Defendants filed a Motion seeking an extension of the dispositive motion deadline and for a status update from Plaintiff, who was released from custody on June 9, 2019 and has absconded from supervised probation.[1] (Doc. No. 24). On October 18, 2019, the Court issued an Order requiring Plaintiff to show cause why this action should not be dismissed for lack of prosecution. (Doc. No. 26). The Court cautioned Plaintiff that failure to comply with the Order would result in dismissal of this action without prejudice.

---

[1] NCDPS's website is https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view. See Fed. R. Ev. 201.

1

(Doc. No. 26 at 2).

Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a *pro se* plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Litigants are also obligated to comply with Court orders. See generally Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."). Before dismissing a case for failure to prosecute, a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

Plaintiff has failed to keep the Court apprised of his current address, is currently in "Absconder" status with NCPDS, and has failed to comply with the Court's October 18 Order. It appears that Plaintiff has abandoned this action. This action will be dismissed without prejudice for lack of prosecution and for failing to comply with a Court Order.

**IT IS, THEREFORE, ORDERED that:**

(1) <u>This action is dismissed without prejudice for lack of prosecution and for Plaintiff's failure to comply with this Court's October 18, 2019 Order</u>.

2

(2) The Clerk of this Court is directed to terminate this action.

Signed: November 14, 2019

Frank D. Whitney
Chief United States District Judge